# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**STEPHANIE LYONS-ROCHETTI,**
**Claimant Below, Petitioner**

**v.) No. 25-ICA-233**          (JCN: 2019026095)

**BLUEFIELD STATE UNIVERSITY,**
**Employer Below, Respondent**

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stephanie Lyons-Rochetti appeals the May 8, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Bluefield State University ("Bluefield") filed a response.[1] Ms. Lyons-Rochetti did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied the addition of left carpal tunnel syndrome, adhesive capsulitis of the left shoulder, scapular dyskinesis, carpal instability of left wrist with dorsal intercalated segment instability, tear of left scapholunate ligament, left cubital tunnel syndrome, and lateral epicondylitis to the claim as compensable conditions.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's order but no substantial question of law. For the reasons set forth below, a memorandum decision vacating and remanding for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 20, 2019, the claim was held compensable for sprains of the left shoulder, elbow, and wrist. Between October 7, 2019, and February 18, 2020, Ms. Lyons-Rochetti was seen by Bart Eastwood, D.O., and Elizabeth Ashe, P-AC, for left shoulder pain, adhesive capsulitis, a superior glenoid labrum lesion, lateral epicondylitis, a superior glenoid labrum tear, and left-hand pain.

On October 22, 2019, an MR arthrogram of Ms. Lyons-Rochetti's left shoulder noted that the study was compromised by patient motion and had the impression of

---

[1] Ms. Lyons-Rochetti is represented by Gregory S. Prudich, Esq. Bluefield is represented by James W. Heslep, Esq.

moderate degenerative changes and fluid in the acromioclavicular ("AC") joint without impingement, supraspinatus tendinosis without a discrete tear and an otherwise normal rotator cuff, a probable transverse tear of the superior labrum, and possible adhesive capsulitis. An MRI of Ms. Lyons-Rochetti's left elbow, performed on January 28, 2020, revealed normal bony alignment without fracture and a normal lateral collateral ligament and common extensor tendon. On March 1, 2021, Ms. Lyons-Rochetti underwent an MRI of the left wrist, revealing apparent dorsal angulation of the lunate, slight scapholunate separation, and a suggestion of early dorsal intercalated segment instability. The previously observed fluid in the radioulnar region was no longer evident, which is consistent with an interval repair of a triangular fibrocartilage complex ("TFC") tear. There were cystic changes in the triquetrum and edematous changes medial to the triquetrum and proximal to the pisiform, which were new changes from a prior exam, and there was mild prominence of joint fluid.

Ms. Lyons-Rochetti was seen by multiple providers at Lewis Gale Physicians from February 21, 2020, through May 17, 2023. Multiple diagnoses were noted including left elbow pain, left wrist pain, upper limb pain, carpal instability of left wrist with dorsal intercalated segment instability and bone bruise, complex tear of triangular TFC of the left wrist, left de Quervain's tenosynovitis, tear of left scapholunate ligament, scapular dyskinesis, other meniscus derangements of the medial meniscus of the left knee, labral tear of long head of left biceps tendon, left carpal tunnel syndrome, left cubital tunnel syndrome, and stiffness of left wrist joint. On June 9, 2020, Ms. Lyons-Rochetti underwent a left wrist arthroscopic radiocarpal joint debridement of the TFC tear to stable margins, a left wrist arthroscopically assisted pinning of the scapholunate interval for carpal stability, and a left wrist arthroscopic radiocarpal complete synovectomy. Also performed was a separate left wrist incision and midcarpal partial joint synovectomy, injection of the left wrist with venous autologous blood, and left wrist injection of the first dorsal compartment sheath for de Quervain's tenosynovitis.

On March 8, 2022, Ms. Lyons-Rochetti underwent a left wrist open scapholunate reconstruction, a left wrist posterior interosseous nerve neurectomy, extensor pollicis longus transposition, lengthening of the dorsal retinaculum, and a synovectomy of the extensor carpi radialis brevis. Separate procedures were performed for incision and first dorsal compartment release of the left forearm, a radial synovectomy abductor pollicis longus, a complete left wrist nine-tendon tenosynovectomy, a left wrist open carpal tunnel release, a left elbow in situ cubital tunnel release, and an injection of the left wrist ulnocarpal joint. On October 6, 2022, Ms. Lyons-Rochetti was referred to physical therapy for adhesive capsulitis of the left shoulder, superior glenoid labrum lesion of the left shoulder, left anterior shoulder pain, other meniscus derangements of the medial meniscus of the left knee, and scapular dyskinesis. On February 27, 2023, Ms. Lyons-Rochetti underwent a subpectoral biceps tenodesis and extensive arthroscopic debridement.

David Soulsby, M.D., performed an independent medical evaluation ("IME") of Ms. Lyons-Rochetti on July 20, 2021. Dr. Soulsby opined that neither clinical examination nor diagnostic studies support the diagnoses of cubital tunnel syndrome nor carpal tunnel syndrome. Dr. Soulsby further opined that there were objective findings from MRI studies and from arthroscopic observation of scapholunate ligament disruption, that the scapholunate ligament reconstruction and pin neurectomy were necessary and appropriate as it relates to the compensable conditions in this claim, and that the first dorsal compartment release was likely also necessary, appropriate, and related to the claim. Because Ms. Lyons-Rochetti needed additional treatment, including surgery, Dr. Soulsby found that she had not achieved maximum medical improvement ("MMI").

Derik Geist, M.D., authored a History & Physical Report dated October 26, 2022, and he diagnosed Ms. Lyons-Rochetti with left shoulder pain, a Bankart lesion of the left shoulder, and a SLAP tear of the left shoulder.

On December 15, 2022, Joseph Grady, M.D., performed an IME of Ms. Lyons-Rochetti and found that she was at MMI for her compensable left elbow sprain and left wrist sprain. With regard to the left shoulder, Dr. Grady noted that the MR arthrogram of October 2019 revealed adhesive capsulitis and a labral tear and opined that it would be reasonable to consider surgery for these conditions. However, Dr. Grady indicated that if surgery was not going to be performed, Ms. Lyons-Rochetti would be at MMI, as he did not anticipate that any other additional treatment would significantly change the underlying conditions of the left arm. Dr. Grady performed a second IME of Ms. Lyons-Rochetti on September 26, 2023, and found that Ms. Lyons-Rochetti was at MMI for her compensable injuries.

The Board noted that Rebecca Thaxton, M.D., authored a Physician Review Report dated May 21, 2024, considering whether the additional diagnoses listed in the letter from Ms. Lyons-Rochetti's counsel dated May 15, 2014, should be added to the claim. Dr. Thaxton opined that the left biceps tendon tear, superior glenoid labrum lesion of the left shoulder, left wrist radial-sided triangular TFC complex tear, left wrist synovitis, left wrist first dorsal compartment de Quervain's tenosynovitis, synovitis of the left wrist, and scapholunate ligament tear are supported as additional compensable components in the claim. Dr. Thaxton further opined that lateral epicondylitis, frozen shoulder/adhesive capsulitis, scapular dyskinesia, carpal tunnel syndrome, and cubital tunnel syndrome are not supported as additional diagnoses in this claim.

On July 23, 2024, the claim administrator issued an order denying the addition of the following diagnoses as compensable diagnoses in this claim: left carpal tunnel syndrome, adhesive capsulitis of the left shoulder, scapular dyskinesis, carpal instability of left wrist with dorsal intercalated segment instability, tear of left scapholunate ligament,

left cubital tunnel syndrome, and lateral epicondylitis. Ms. Lyons-Rochetti protested this order.

On December 12, 2024, Ms. Lyons-Rochetti was deposed and testified that she fell down steps at work on May 30, 2019, injuring her left shoulder, wrist, and hand. Ms. Lyons-Rochetti stated that she underwent surgery on her left wrist, left elbow, and left shoulder and that she has not fully recovered from her injuries as she continues to have weakness, numbness, and stabbing, aching, and burning sensations in her arm when she reaches. Ms. Lyons-Rochetti further testified that she cannot hold anything in her left hand, that she used to be ambidextrous but is no longer, and that she did not have any problems with her left shoulder, arm, or wrist prior to her fall at work and no reinjuries since May 30, 2019.

Austin Nabet, D.O., performed an IME of Ms. Lyons-Rochetti on January 24, 2025. Dr. Nabet listed the following diagnoses as related to the work-related injury of May 30, 2019: left biceps tendinitis with a SLAP tear, left elbow sprain, and status post open left biceps tenodesis and labral debridement, left wrist triangular TFC complex injury with scapholunate ligament disruption, and status post left wrist triangular TFC complex debridement, open scapholunate ligament reconstruction, posterior interosseous nerve neurectomy, and carpal and cubital tunnel releases. Dr. Nabet also found that Ms. Lyons-Rochetti has congenital bilateral cubital valgus with symmetric measurements of her underlying normal variant cubital elbow alignment, which is unrelated to her compensable injuries. Dr. Nabet opined that Ms. Lyons-Rochetti had reached MMI for her compensable injuries.

On May 8, 2025, the Board affirmed the claim administrator's order denying the addition of left carpal tunnel syndrome, adhesive capsulitis of the left shoulder, scapular dyskinesis, carpal instability of the left wrist with dorsal intercalated segment instability, tear of the left scapholunate ligament, left cubital tunnel syndrome, and lateral epicondylitis to the claim as compensable conditions. The Board found that Dr. Thaxton's report was persuasive and that Ms. Lyons-Rochetti did not establish that there are additional diagnoses related to the claim.[2] Ms. Lyons-Rochetti now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

---

[2] We note that Dr. Thaxton's report was not submitted for this appeal.

4

petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Ms. Lyons-Rochetti argues that, prior to the compensable injury, she had no injuries, symptoms, or treatment related to her left arm, shoulder, and hand; thus, the presumption set forth in *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022) should apply.[3] Ms. Lyons-Rochetti further argues that it is clear from the medical records that the tear of the left scapholunate ligament is related to the compensable injury, as noted by Bluefield's own experts. Ms. Lyons-Rochetti also argues that the other diagnoses have been noted by her primary care physician and are related to the compensable injury. Finally, Ms. Lyons-Rochetti argues that the Board did not adequately discuss the diagnoses, and further, it failed to adequately consider the medical evidence.

Here, based on the Board's analysis of the evidence, we conclude that the Board's conclusion was clearly wrong. We note that Dr. Soulsby opined that a scapholunate

---

[3] The Supreme Court of Appeals of West Virginia held in *Moore*:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Moore* at 294, 879 S.E. 2d at 781, syl. pt. 5.

ligament reconstruction, which likely coincides with a scapholunate tear, was related to the compensable injury. Dr. Nabet also listed conditions he thought were compensable. Relevant to this case, Dr. Nabet believed that a left wrist triangular TFC complex injury with scapholunate ligament disruption and open scapholunate ligament reconstruction and carpal and cubital tunnel releases were related to the compensable injury. Despite these opinions, the Board either failed to reconcile conflicting evidence or did not address unopposed opinions when it affirmed the order denying additional compensable conditions. As a result, we find the Board's order is clearly wrong and must be reversed.[4] On remand, the Board should consider all opinions regarding the medical conditions caused by the May 30, 2019, workplace injury and issue another order addressing the issue of compensable conditions.

Accordingly, we vacate the Board's May 8, 2025, order and remand the claim to the Board for additional analysis.

Vacated and Remanded.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[4] The Supreme Court of Appeals of West Virginia has emphasized the need for the Board to perform an adequate analysis of the evidence in every claim. *See Workman v. ACNR Resources, Inc.*, 251 W.Va. 796, 916 S.E.2d 638 (2025), and *Gwinn v. JP Morgan Chase*, No. 23-172, 2024 WL 4767011 (W. Va. Nov. 13, 2024) (memorandum decision).